IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SMITH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KELVIN L. SMITH, APPELLANT.

Filed March 29, 2022.    No. A-21-190.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Ann C. Addison-Wageman, of Law Office of Ann C. Addison-Wageman, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MOORE, RIEDMANN, and BISHOP, Judges.

MOORE, Judge.

## I. INTRODUCTION

Kelvin L. Smith appeals from an order of the district court for Sarpy County, which denied his motion for postconviction relief following an evidentiary hearing. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

### 1. TRIAL AND DIRECT APPEAL

Following a jury trial in 2014, Smith was convicted of two counts of first degree sexual assault of a child, three counts of third degree sexual assault of child, three counts of incest, three counts of visual depiction of sexually explicit conduct, and one count of child abuse. The victims involved in the charges were Smith's stepdaughters. A full recitation of the underlying facts can

be found in the Nebraska Supreme Court opinion issued following Smith's direct appeal. See *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016). At an enhancement hearing, the district court received evidence of a prior conviction of attempted first degree sexual assault. The court then found three of Smith's sexual assault of a child charges to be second offenses, which required a mandatory minimum sentence of 25 years' imprisonment. At sentencing, the court noted that it understood case law to require mandatory minimum sentences be served consecutively. In total, the court sentenced Smith to 41 to 110 years' imprisonment, without the possibility of parole for at least 35 years.

On direct appeal, Smith claimed that the district court erred in admitting certain exhibits into evidence, allowing certain testimony, and failing to order a new trial after a medical report was not timely disclosed. He also claimed that the evidence was insufficient to sustain his convictions, that the court erred in finding his prior conviction was properly authenticated and certified, that the court erred in ordering Smith to serve his mandatory minimum sentences consecutively, and that his sentences were excessive. The Nebraska Supreme Court affirmed Smith's convictions in all respects, but it remanded the case for resentencing as the trial court's belief that mandatory minimum sentences must be served consecutively was a mistake of law. See *State v. Smith, supra*. Upon remand, the district court again sentenced Smith to 41 to 110 years' imprisonment, but allowed additional counts to be served concurrently. We note that Smith was represented at trial and on direct appeal by the same attorney.

### 2. MOTIONS FOR POSTCONVICTION RELIEF

On February 10, 2017, Smith filed a pro se motion for postconviction relief, setting forth numerous claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and abuse of discretion by the trial court. The district court entered an order, requesting the State to file a response to Smith's motion. The State subsequently filed its response, asking the court to dismiss Smith's motion without an evidentiary hearing. On March 21, the district court found that Smith should be appointed counsel and that Smith was entitled to an evidentiary hearing on his claims of ineffective assistance of counsel. The court denied Smith an evidentiary hearing on his claims of prosecutorial misconduct and abuse of discretion by the trial court, as it found those matters could have been raised by Smith on direct appeal and thus were procedurally barred. On June 18, 2018, Smith's postconviction counsel filed an amended motion for postconviction relief which reasserted allegations from Smith's original pro se motion and alleged new claims of ineffective assistance of counsel. On October 19, the court found that Smith was entitled to an evidentiary hearing on his claims of ineffective assistance of counsel as set forth in his amended motion for postconviction relief.

An evidentiary hearing was held on March 5, 2020. Smith offered multiple exhibits, including depositions of himself and an expert witness who had previously worked as a public defender for Sarpy County, the bill of exceptions from his trial, and his brief filed on direct appeal. The State moved to dismiss, and in the alternative, offered the depositions of Smith's trial counsel and an expert witness, a current public defender for Sarpy County.

### 3. Order of District Court

On February 4, 2021, the district court entered an order denying Smith's motion for postconviction relief. The court overruled the State's motion to dismiss and noted that it had considered all exhibits offered at the evidentiary hearing for the purpose of Smith's postconviction motion. The court thoroughly addressed each of Smith's claims in its 28-page order and denied the amended motion for postconviction relief, determining that trial counsel's performance was not ineffective. The court found that Smith failed to overcome the presumption that trial counsel's decisions were sound trial strategy. The court noted that trial counsel cross-examined every witness and objected appropriately. Further, the court found that any errors on the part of trial counsel were harmless. The court concluded that Smith failed to demonstrate that trial and appellate counsel's performance fell below an objective standard of reasonableness and that he was actually prejudiced as a result.

Smith appeals.

## III. ASSIGNMENT OF ERROR

Smith assigns, restated, that the district court erred in overruling his motion for postconviction relief.

## IV. STANDARD OF REVIEW

In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. An appellate court upholds the trial court's findings unless they are clearly erroneous. *State v. Newman*, 310 Neb. 463, 966 N.W.2d 860 (2021).

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *Id*. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Newman, supra*.

## V. ANALYSIS

### 1. Legal Framework

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Stricklin*, 310 Neb. 478, 967 N.W.2d 130 (2021). The Nebraska Postconviction Act is intended to provide relief in those cases where a miscarriage of justice may have occurred; it is not intended to be a procedure to secure a routine review for any defendant dissatisfied with his or her sentence. *State v. Stricklin, supra*. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Stricklin, supra*.

Smith assigns that the court erred by overruling his motion for postconviction relief, arguing that he received ineffective assistance of trial counsel in various regards. Smith contends that his counsel was ineffective in (1) failing to file a formal motion for discovery, (2) failing to file certain pretrial motions, (3) failing to object and stipulating to the admissibility of the undisclosed medical report, (4) failing to move for a mistrial or request a continuance after the discovery of the undisclosed medical report, (5) proceeding forward with the trial after the discovery of the undisclosed medical report with an unqualified expert witness, and (6) committing "other deficit evidentiary errors at trial." Brief for appellant at 16. Smith also argues that under the cumulative error doctrine, trial counsel's ineffective assistance denied him the constitutional right to a fair trial. This is Smith's first opportunity to assert ineffective assistance of counsel, because the same counsel represented Smith at trial and on direct appeal.

To prevail on a claim of ineffective assistance of counsel under *Strickland*, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Stricklin, supra*. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *Id*. To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Stricklin, supra*. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id*. A court may examine the two prongs of the ineffective assistance of counsel test, deficient performance and prejudice, in any order and need not examine both prongs if a defendant fails to demonstrate either. *State v. Newman, supra*.

## 2. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

### (a) Failure to File Formal Discovery Motion

Smith asserts that his trial counsel was ineffective for failing to file a formal motion for discovery under Neb. Rev. Stat. § 29-1912 (Cum. Supp. 2020). The district court generally found that this allegation in Smith's amended motion for postconviction relief was refuted by the record.

In Smith's brief on appeal, he makes only a vague reference to this alleged failure, along with counsel's alleged failure to file other motions. In this portion of his brief, Smith generally discusses that his trial counsel had entered the case at a later stage of the pretrial proceedings, suggesting that trial counsel did not prepare sufficiently for trial. Smith fails to specify what a formal motion for discovery would have accomplished, how trial counsel's performance was deficient, or how counsel's failure to file a formal motion for discovery prejudiced his defense. Because Smith has failed to specifically argue this alleged error, we need not address it further. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021).

We note that Smith's brief on appeal raises issues regarding the admission of exhibit 25, a medical examination report, and the testimony of Dr. Suzanne Haney, who testified regarding the exhibit. Specifically, Smith asserts that trial counsel was ineffective in failing to object and in

stipulating to the admission of the report, and in failing to move for a continuance of the trial after the report was disclosed at trial. We address these assigned errors below. To the extent that Smith suggests that trial counsel's failure to file a formal motion for discovery prejudiced him due to the "surprise" disclosure of the report during the trial, we agree with the district court that the record refutes this claim.

During cross-examination of a law enforcement officer on the third day of trial, he testified that a medical examination had been performed on one of the victims in Smith's case and that the officer had placed the report into his personal file, rather than the case file. The parties stipulated that the report detailing the victim's medical examination would be received into evidence, as exhibit 25, without objection. Additionally, neither party requested a continuance based on the surprise caused by the disclosure of the exhibit. Exhibit 25 reflected no evidence of trauma to the victim's hymen.

Smith argued on direct appeal that the State's failure to timely disclose exhibit 25 violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and § 29-1912 discovery principles. However, the Nebraska Supreme Court held that because a continuance would have cured the prejudice Smith alleged and because Smith failed to request a continuance, Smith had waived any rights he may have had pursuant to § 29-1912. See *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016). In the present postconviction appeal, Smith claims that trial counsel's failure to file a formal motion for discovery under § 29-1912 prejudiced Smith as exhibit 25 was not disclosed until the third day of trial and because "he could not preserve the issue on appeal." Brief for appellant at 33.

The record demonstrates that the State was not withholding exhibit 25, but rather was as surprised about the existence of the medical examination report as Smith. Had trial counsel filed a formal motion for discovery under § 29-1912, such a motion would not have produced this piece of evidence prior to the start of the trial as the report had not been placed in the case file. Additionally, on direct appeal, the Nebraska Supreme Court noted that it was Smith's failure to ask for a continuance following the disclosure of exhibit 25, and not the failure to file a formal motion for discovery, that waived any rights he may have had pursuant to § 29-1912. See *State v. Smith, supra*. Smith has not shown how the outcome would have been different had his trial counsel filed a formal motion for discovery. See *State v. Stricklin*, 300 Neb. 794, 916 N.W.2d 413 (2018). The district court did not err in denying relief on this claim.

(b) Failure to File Pretrial Motions

Smith argues that his trial counsel was ineffective for failing to file certain pretrial motions, including a motion in limine to prohibit evidence of nude photographs of Smith and his wife contained in a photo album, a motion in limine to prohibit use of the word "rape," a motion to sever the criminal charges related to each victim, and a motion to sever the sexual assault charges from the visual depiction of sexually explicit conduct and child abuse charges related to one victim. We take up each motion in turn.

*(i) Motion in Limine to Prohibit Nude Photographs*

Smith asserts that the only purpose in offering nude photographs of Smith and his wife was to show the jury Smith's propensity for taking nude photographs. Smith also claims that because

members of the jury may have found the photographs obscene or pornographic, the photographs created the inference that Smith had the character and propensity to take nude photographs of women. Smith argues trial counsel's failure to file a motion in limine to prevent the nude photographs from being offered at trial was prejudicial because the photographs are "unduly inflammatory" and Smith was alleged to have taken similar photographs of one of the victims. Brief for appellant at 26.

At Smith's trial, one of the victims described the photo album and the location within the album where nude photographs of her allegedly taken by Smith were placed. When the State then offered the photo album as an exhibit, Smith's trial counsel objected on the basis of relevance, foundation, and that the photographs were prejudicial. The trial court sustained the objection. After the State laid additional foundation, the trial court received the photo album over trial counsel's objection for the limited purpose of assessing the credibility of the witness and instructed the jury accordingly.

As noted by the district court, a motion in limine is a procedural step to prevent prejudicial evidence from reaching the jury. *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020). It is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. *Id*. Therefore, when a court overrules a motion in limine to exclude evidence, the movant must object when the particular evidence is offered at trial in order to predicate error before an appellate court. *Id*. While Smith's trial counsel did not file a motion in limine related to the nude photographs, counsel did object when the photo album was offered and reoffered at trial. The trial court admitted the photo album into evidence over these objections and for the limited purpose of assessing the credibility of the witness.

In connection with the claim that trial counsel failed to file a motion in limine, the district court found that trial counsel did the "functional equivalent" and objected at the time the photographs were offered. The district court concluded that Smith had not shown that his trial counsel's alleged failure to file a motion in limine fell below an objective standard of reasonableness. Further, the court found that because evidentiary rulings are discretionary, Smith could not demonstrate that the outcome of the case would have been different had his trial counsel filed a pretrial motion in limine rather than make an objection at trial. We agree. See *State v. Smith*, 292 Neb. 434, 873 N.W.2d 169 (2016) (where Nebraska Evidence Rules commit evidentiary question at issue to discretion of trial court, appellate court reviews admissibility of evidence for abuse of discretion).

*(ii) Motion in Limine to Prohibit Use of Word "Rape"*

Smith also asserts that his trial counsel was ineffective for failing to file a motion in limine to prohibit use of the word "rape" at Smith's trial. Smith argues that the use of the word "rape" is inherently inflammatory and prejudicial, and the use of the word at trial "was programmed into the jury's head." Brief for appellant at 29. Aside from stating that the use of the word "rape" is prejudicial, Smith does not specifically allege prejudice for trial counsel's failure to file a motion in limine to prohibit the use of the word.

In his deposition received at the evidentiary hearing, Smith's trial counsel stated that he did not file a motion in limine to prevent use of the word rape because a recent Nebraska Supreme Court case held that it was not ineffective assistance of counsel to fail to include the word "rape"

in a motion in limine. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014) (finding defendant could not establish prejudice from his trial counsel's failure to include term "rape" within his motion in limine because such action would have been unsuccessful). The district court noted the holding of *State v. Filholm* and found that while Smith thought the use of the word "rape" was, in hindsight, prejudicial, allegations based on hindsight are "simply not enough" to establish deficient performance or prejudice. We agree with the district court. Defense counsel is not ineffective for failing to raise an argument that has no merit. *State v. Martinez*, 302 Neb. 526, 924 N.W.2d 295 (2019).

Nor has Smith provided any evidence demonstrating that the use of the word "rape" is more prejudicial than the phrases "sexual assault" or "sexual penetration." *State v. Stricklin*, 310 Neb. 478, 967 N.W.2d 130 (2021) (to show prejudice, defendant must demonstrate reasonable probability that but for counsel's deficient performance, result of proceeding would have been different).

*(iii) Pretrial Motions to Sever*

Finally, Smith asserts that his counsel was ineffective for failing to file any pretrial motions to sever the joined criminal charges related to each victim, and to sever Smith's sexual assault charges from the visual depiction of sexually explicit conduct and child abuse charges related to one victim. In his brief, Smith directs the court to "arguments in regard to this inaction in its Trial Brief." Brief for appellant at 28. He also argued that because his trial counsel did not file motions to sever, "the defense failed to adversarily [sic] test the matter, to obtain a ruling and preserve the matter on appeal." Brief for appellant at 28.

The district court noted that Smith was charged with 13 counts related to sexual misconduct. While the charges related to two victims, the victims were close in age when the misconduct occurred, the timeframe and location of the misconduct was the same, as was the relationship between Smith and the victims. Therefore, the district court determined that judicial economy supported joinder of Smith's counts as it prevented the same witnesses from testifying in separate trials. The district court also found that Smith was unable to show how defending against the same charges at multiple trials would have resulted in a different outcome. As the court noted, whether Smith needed to defend against all the charges in one trial or in multiple trials, he would still have had to defend against all 13 charges. We find no error in the district court's resolution of this claim.

While Smith directs us to "arguments in regard to this inaction in its Trial Brief," and asserts that he suffered prejudice because his counsel failed to "adversarily [sic] test the matter," he has not specifically argued this claim as required for this court to consider it. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021). We therefore, decline to further address Smith's argument that his trial counsel was ineffective for failing to file pretrial motions to sever.

In sum, the district court did not err in denying the claim that Smith's trial counsel was ineffective for failing to file certain pretrial motions.

(c) Failure to Object/Stipulating to Medical Report

Smith asserts that his trial counsel was ineffective in failing to object to exhibit 25 and in stipulating to its admission. Smith does not state how this caused him prejudice, but he does note that because trial counsel did not object to exhibit 25, "the State called Dr. Haney as an expert witness to testify to the findings contained in Exhibit #25." Brief for appellant at 35.

Smith is unable to show how trial counsel could have prevented the trial court from receiving exhibit 25. Smith also does not specify what objection trial counsel should have made when the State offered exhibit 25. Further, as Smith's trial counsel noted in his deposition, "[w]e . . . wanted Exhibit 25 in [the record] because it supported their [sic] theory of the case." Trial counsel explained that because the examined victim had testified to being digitally and penilely penetrated by Smith nightly for a year, the fact that exhibit 25 described a normal hymen, "tended to negate the story [the victim] told. . . ." Smith's own postconviction expert witness testified in his deposition that "every juror I've ever had on a sexual assault case in my opinion believes that if you're sexually assaulted there's some kind of damage, that there is an injury. . . ." Exhibit 25 reported that one victim's hymen displayed no signs of trauma, which seemingly supported Smith's case theory.

The district court found that Smith had failed to show how his trial counsel's performance fell below an objective standard of reasonableness in stipulating, rather than objecting, to the receipt of exhibit 25, because the exhibit was helpful to the defense. The court also found that Smith failed to show how he was prejudiced, as exhibit 25 would have come into evidence regardless of any objections made by Smith's trial counsel.

We agree with the district court's conclusion. The decision to stipulate to exhibit 25 was a reasonable trial strategy by Smith's trial counsel. As his counsel explained, the exhibit supported their case theory and cast doubt on the victim's testimony. This trial strategy was not unreasonable and the performance of Smith's trial counsel was not deficient. See *State v. Lowman*, 308 Neb. 482, 485, 954 N.W.2d 905, 910 (2021). Smith has also failed to show that he was prejudiced by his trial counsel's failure to object to exhibit 25. See *State v. Stricklin*, 310 Neb. 478, 967 N.W.2d 130 (2021). Thus, the district court did not err in rejecting Smith's claim that his trial counsel was ineffective in failing to object to exhibit 25.

(d) Failure to Move for Mistrial or Continuance

Smith asserts that his trial counsel was ineffective for failing to move for a continuance or a mistrial after exhibit 25 was disclosed at trial. Smith argues that had trial counsel requested a continuance, trial counsel "would have had the opportunity to take actions that [trial counsel] complained the [trial court] prevented [trial counsel] from taking." Brief for appellant at 37. Smith contends these actions included taking Haney's deposition to better prepare for Haney's cross examination, as well as preparing the defense's own expert witness regarding exhibit 25. Smith argues that had trial counsel requested a mistrial, counsel could have deposed Haney, requested a *Daubert* hearing, found a more qualified expert witness, or better prepared the already selected expert witness. See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Trial counsel testified in his deposition that after the disclosure of exhibit 25 during the law enforcement officer's testimony, the parties met with the trial judge who indicated that if a mistrial

or a continuance was requested, it would be granted. Trial counsel also testified to meeting with Smith to advise Smith of his trial options. Counsel testified that Smith thought exhibit 25 was exculpatory and wanted to proceed with trial. Trial counsel believed that if a mistrial or continuance was granted, Smith's trial would be delayed by a minimum of 3 months, and Smith had indicated to trial counsel that he wanted the case to be over so that he could return to his family. According to trial counsel, Smith then told him during their meeting that he wanted to proceed without a mistrial or a continuance. Additionally, trial counsel testified that both counsel and Smith were "confident about the jury that we picked" and that the case should proceed without delay. As noted above, trial counsel also believed exhibit 25 was exculpatory and supported Smith's case theory.

In his deposition, Smith testified that he did not recall having a conversation with his trial counsel regarding a potential continuance request. Smith testified that had his trial counsel requested a continuance or a mistrial, he would have sought a second opinion from another attorney regarding how to proceed after the disclosure of exhibit 25. However, Smith's testimony does not detail how a second opinion would have changed the outcome of the case. Additionally, in denying Smith relief on this claim, the district court found Smith's testimony to be "unreliable and self-serving. . . ."

Smith argues that had his trial counsel moved for a continuance or a mistrial, his trial counsel would have been better prepared to respond to Haney's testimony regarding exhibit 25; but appellate courts must assess trial counsel's performance from counsel's perspective when counsel provided the assistance. See *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011). An appellate court will not judge an ineffectiveness of counsel claim in hindsight. *Id*. While in hindsight, a continuance or a mistrial may have allowed Smith's trial counsel to better prepare for expert testimony regarding exhibit 25, it cannot be said that trial counsel's performance fell below an objective standard of reasonableness. Testimony by trial counsel demonstrates that Smith communicated he did not want his trial delayed and that counsel believed that proceeding forward after the surprise disclosure of exhibit 25 would not be detrimental to the defense, as the exhibit supported the trial counsel's case theory and appeared to be exculpatory.

The district court found that Smith had not shown that his trial counsel's alleged failure to move for a mistrial or a continuance fell below an objective standard of reasonableness. The court also found that Smith failed to show how the outcome of the case would have been different had trial counsel moved for a mistrial or a continuance, and thus could not demonstrate prejudice. We agree. The district court did not err in denying this claim for relief.

(e) Failure to Present Qualified Expert Witness

Smith asserts that his trial counsel was ineffective for producing an expert witness, Dr. Sean McFadden, who did not have sufficient expertise and who was inadequately prepared. He argues that McFadden was only a gynecologist and did not have "any kind of focus on child or pediatric sexual assault." Brief for appellant at 44. He also argues that McFadden was not familiar with the treatises or journals relied on by Haney in her expert testimony, and so was unable to fully attack Haney's findings concerning exhibit 25.

Smith's trial counsel testified in his deposition that the evening after exhibit 25 was disclosed, counsel obtained McFadden as an expert witness to explain to the jury that exhibit 25

was evidence that the alleged sexual assaults did not occur. Trial counsel characterized exhibit 25 to be a gynecological matter, rather than a child abuse or pediatric matter. Trial counsel thus obtained a medical doctor certified in obstetrics and gynecology to provide expert testimony in agreement of Smith's interpretation of exhibit 25. Additionally, the trial bill of exceptions shows that the trial court ruled McFadden was "an expert in obstetrics and gynecology" and allowed McFadden to testify regarding exhibit 25. While McFadden was not familiar with all treatises or journals cited by Haney, McFadden had the opportunity to review a transcript of Haney's testimony in order to prepare his own testimony.

The district court found that because the trial court deemed McFadden to have sufficient qualifications to testify as an expert, and because McFadden testified in support of Smith's case theory, Smith had failed to show how his trial counsel's performance fell below an objective standard of reasonableness. The court further found that Smith had failed to demonstrate actual prejudice as he was unable to show that McFadden's testimony undermined the proper functioning of the adversarial process. We find no error in the district court's conclusions and in denying this claim for relief.

### (f) Other Evidentiary Errors

#### (i) Opening Door to Smith's "Prior History"

Smith asserts that while his trial counsel made an oral motion in limine prohibiting the State's witnesses from referencing Smith's prior sexual assault conviction, trial counsel opened the door at trial and allowed the jury to draw an inference that Smith had "a prior history of a bad act, sexual assault, abuse or otherwise." Brief for appellant at 23. Smith claims that his trial counsel "induced" a caseworker for the Nebraska Department of Health and Human Services to answer that Smith's "prior history" was a factor she considered when she formulated a safety plan for Smith's family. Smith argues that his trial counsel's line of questioning elicited an answer from the caseworker which was detrimental to Smith, despite repeated warnings from the trial court to trial counsel that the line of questioning risked divulging Smith's prior conviction.

At Smith's trial, trial counsel asked the caseworker on cross examination to explain the process for investigating child abuse hotline calls and creating a safety plan in response. Trial counsel asked the caseworker what factors "come into play" in the decision to create a safety plan, and the caseworker responded, "The mother's concerns that she noted when I was in the home. We look at past history." The trial court then recessed the jury and discussed what testimony trial counsel was attempting to elicit from the caseworker. Trial counsel stated that the caseworker's report indicated that Smith's wife "never noticed anything strange about him" and counsel was attempting to elicit testimony from the caseworker to that effect. After the recess the State asked the caseworker on redirect whether one of the factors which concerned the caseworker was "past history" to which the caseworker responded, "Correct."

The record does not reflect that any evidence of Smith's prior sexual assault conviction was introduced at trial. Further, the caseworker briefly referenced "past history" as both a factor of her concern and a reason for creating a safety plan for the family, but did not make any references to Smith having a history of sexual or child abuse. As the district court found, the record refutes Smith's claim that his trial counsel opened the door to testimony regarding a "history of

sexual abuse and/or child abuse" and it cannot be said that Smith was prejudiced. We agree with the district's conclusion and find no error in its denial of this claim for relief.

*(ii) Failure to Withdraw From Smith's Direct Appeal*

Smith argues that his trial counsel should have withdrawn from his direct appeal to allow new counsel to assert ineffective assistance of trial counsel claims. Smith contends that he was prejudiced by his trial counsel's continued representation in his appeal.

Smith's trial counsel testified in his deposition that as he was appealing Smith's case, at no point was he made aware that Smith wanted to pursue ineffective assistance of counsel claims. Smith likewise concedes in his own deposition testimony that he never discussed bringing ineffective assistance of counsel claims on direct appeal with his trial counsel. The district court found that, based on the record, Smith did not inform his counsel of his desire to proceed with an ineffective assistance of counsel claim, and thus Smith could not show that his counsel's performance fell below an objective standard of reasonableness for failing to withdraw.

The court also found that Smith failed to show that he had been prejudiced, as he was not barred from bringing an ineffective assistance of counsel claim on postconviction relief. As the district court noted, the record affirmatively refutes Smith's claim that his trial counsel "should have known" about his desire to bring ineffective assistance of counsel claims on direct appeal. Thus, Smith was unable to show that trial counsel's performance was deficient in failing to withdraw so that such claims could be addressed on direct appeal. The district court did not err in denying this claim for relief.

### (g) Cumulative Error Doctrine

Smith argues on appeal that the cumulative nature of the errors made by Smith's trial counsel during the pretrial, trial, and appellate phases of his case were deficient, and the consequences of the deficiencies "undermined the proper functioning of the adversarial process." Brief for appellant at 50. This assertion does not appear in his original or amended motion for postconviction relief. Appellate courts do not generally consider arguments and theories raised for the first time on appeal. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021), cert. denied ___ U.S. ___, 142 S. Ct. 370, 211 L. Ed. 2d 197. However, because we have determined that Smith's trial counsel was not ineffective in any of Smith's raised claims, we find that Smith did not suffer any alleged consequences. Thus, this claim also fails.

### VI. CONCLUSION

Smith's claims of ineffective assistance of counsel did not warrant postconviction relief. We affirm the order of the district court.

AFFIRMED.

- 11 -